**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **ROLANDO GUERRA RIVERA,** | |
| *Plaintiff,* | **CIVIL ACTION NO.** |
| **v.** | **5:19-cv-00286-TES-MSH** |
| **CENTRAL STATE PRISON GA,** *et al.,* | |
| *Defendants.* | |

**ORDER**

Plaintiff filed a "Letter to Transfer Entire Case File." [Doc. 15]. In this filing, Plaintiff states that he was transferred to Baldwin State Prison in Hardwick, Georgia and requests the Court to transfer this action to the "appropriate court." [*Id*. at p. 1]. Plaintiff protests that the Court dismissed his case before allowing him an opportunity to present evidence or have an evidentiary hearing. [*Id*. at p. 2]. He questions if his case "warrants any additional review[]" and requests appointment of either an attorney or an interpreter. [*Id*. at pp. 1–2].

Plaintiff's "Letter to Transfer Entire Case File" has been docketed as a motion to transfer, a motion to reopen, and a motion for counsel.

Plaintiff filed his Complaint [Doc. 1] on July 16, 2019 and also moved to proceed *in forma pauperis*. [Doc. 1]; [Doc. 2]. The Court repeatedly ordered him to file a certified copy of his trust fund account statement. [Doc. 5]; [Doc. 7]; [Doc. 9]. Plaintiff failed to

fully comply, and on October 15, 2019, the Court dismissed his action without prejudice. [Doc. 11]. Judgment was entered on October 16, 2019. [Doc. 12].

Thus, this case has been closed for almost one year and four months. To the extent that Plaintiff seeks to "reopen" his case, the Court treats his filing as a motion for reconsideration. Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." LR 7.6, MDGa. Indeed, "[r]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Bingham v. Nelson*, No. 5:08-CV-246 (CAR), 2010 WL 339806, at *1 (M.D. Ga. Jan. 21, 2010) (citation omitted).

Plaintiff does not indicate whether he seeks reconsideration pursuant to Federal Rule of Civil Procedure 59 or Federal Rule of Civil Procedure 60. As stated above, judgment was entered in this case on October 16, 2019. [Doc. 12]. Federal Rule of Civil Procedure 59 provides that a motion to alter or amend judgment be filed within "28 days after the entry of judgment." Fed. R. Civ. P. 59(e). Federal Rule of Civil Procedure 60 provides that a motion for relief from judgment based on "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . [or] (3) fraud" must be brought "[n]o more than a year after the entry of judgment." Fed. R. Civ. P. 60(b)–(c)(1). "[A]n untimely filed motion to alter or amend cannot invoke a trial court's jurisdiction." *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126, 1129 (11th Cir. 1994).

This leaves the only possible grounds for relief from judgment to be that the judgment is void, the judgment has been "satisfied, released or discharged, . . . or any other reason that justifies relief." Fed. R. Civ. P. 60(b)(4)–(6). Plaintiff has not shown that relief is warranted based on the existence of any of these factors. In fact, Plaintiff provides no grounds at all for reconsidering the judgment in this case. Thus, to the extent Plaintiff seeks to have the Court reopen or reconsider his case, the motion is **DENIED**.

This case is closed, and there is nothing to transfer to any other Court. Additionally, Baldwin State Prison is in Hardwick, Baldwin County, Georgia, which is located in the Middle District of Georgia. 28 U.S.C. § 90(b)(2). Plaintiff's motion to transfer is therefore **DENIED**.

Because Plaintiff does not have a pending action, his request for appointment of counsel is **DENIED as moot**.

**SO ORDERED**, this 10th day of February, 2021.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**